**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**CHARLES GAYLES** **PLAINTIFF**

**v.** **No. 4:22CV34-SA-JMV**

**NATHAN BURL CAIN, ET AL.** **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Charles Gayles, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff alleges that the defendants provided unconstitutionally harsh general conditions of confinement during his stay at the Mississippi State Penitentiary.[1] The defendants have moved to dismiss the instant case under Fed. R. Civ. P. 41(b) (failure to prosecute), Fed. R. Civ. P. 23(a) (failure to meet the requirements to represent a class in a class action), and 12(b)(6) (failure to state a claim upon which relief could be granted). The plaintiff has not responded to the motion, and the deadline to do so has

---

[1] The plaintiff has not actually filed a separate complaint, as ordered [7] by the court; as such, there is currently no operative complaint in this case. This case arose when the plaintiff, who was one of many prisoner plaintiffs in a separate case, *Alexander v. Hall*, No. 4:20-CV-21-SA-JMV, requested to proceed *pro se*. The court granted the request, opened the instant case, and ordered the plaintiff to file an amended complaint containing individual claims for relief. As discussed below, the plaintiff has not done so; instead, he filed a "Motion for Leave to Amend … as Join[d]er of Civil Action 4:20CV21-[SA]-JMV." Doc. 9. He attached to the motion an inoperative complaint in that putative class action – but the complaint did not describe any individualized allegations specific to the plaintiff, as required by the court.

expired. For the reasons set forth below, the plaintiff's motion [9] for leave to amend will be denied; the defendants' motion [12] to dismiss will be granted, and the case will be dismissed with prejudice.

**Background[2]**

Charles Gayles was one of 277 current and former inmates of the Mississippi State Penitentiary at Parchman ("MSP") who joined in the consolidated putative class actions of *Amos v. Cain*, No. 4:20-CV-7-SA-JMV, and *Lang v. Mallet*, No. 4:20-CV-30-SA-JMV, seeking only declaratory and injunctive relief due to MSP's allegedly unconstitutional prison conditions. In June 2021, the court entered an order requiring any attorney of record for the plaintiffs in those cases to file an entry of appearance or a motion to withdraw for each named plaintiff. *See Cain*, Doc. 224. In July 2021, counsel for plaintiffs filed a motion to withdraw as to fifty-three named plaintiffs, including Gayles. *Id.* Doc. 229. In August 2021, the court granted counsel's motion to withdraw and directed the fifty-three plaintiffs to notify the court as to whether they would proceed *pro se* or with new counsel by September 16, 2021. *Id.* Doc. 239.

On August 23, 2021, Gayles informed the court of his intention to proceed *pro se*. Doc. 242. On January 14, 2022, Defendants filed a motion to dismiss 197 named plaintiffs, including Gayles and the other *pro se* plaintiffs, on jurisdictional grounds and because *pro se* plaintiffs are not adequate class representatives. Doc. 318. On March 1, 2022, the court granted the Defendants' motion – but instructed the Clerk of Court to "reassign Charles Gayles a separate case number for his own individual *pro se* case." Doc. 363 at 16. Gayles was reassigned, and the court entered a Scheduling Order on March 21, 2022, directing Gayles to file an amended complaint setting forth his "individual claims for relief" by April 17, 2022. Doc. 7 at 1.

On April 25, 2022, Gayles instead filed a motion to join a separate putative class action for which a class has not been certified. *See* Doc. 9 at Ex. A. Defendants filed their response to the motion and

---

[2] As the defendants' summary of the factual background is well-documented and uncontested, the court will closely track the defendants' language in the instant memorandum opinion.

memorandum in support on May 6, 2022, requesting that the court deny Gayles' motion for his failure to comply with the court's Order, Doc. 7, and, additionally, because *pro se* plaintiffs cannot serve as representatives of a putative class. *See* Docs. 10-11.

**Failure to Prosecute or Comply With an Order of the Court Under Fed. R. Civ. P. 41(b)**

The court may dismiss a case under Rule 41(b) "if the plaintiff fails to . . . comply with . . . a court order . . . ." Fed. R. Civ. P. 41(b). On March 21, 2022, the court entered a Scheduling Order directing plaintiff Charles Gayles to file an amended complaint "***containing his individual claims for relief [by] . . . April 17, 2022.***" Doc. 7 at 1 (emphasis in original). Gayles did not do so. Instead, he filed a motion, Doc. 9, requesting to join a separate action, and he attached as Exhibit A to his motion one of four inoperative complaints that was previously filed in the separate putative class action pending in *Alexander v. Hall*, No. 4:20-CV-21-SA-JMV. Gayles has not filed the amended complaint in this case, and the deadline to do so expired months ago. As such, there is no operative complaint in the present case, and Gayles' failure to comply with the court's order constitutes a basis for dismissal under Fed. R. Civ. P. 41(b).

**Failure to Meet the Requirements of a Class Action Under Fed. R. Civ. P. 23**

Gayles seems to request to join the *Alexander* putative class action and become a class representative. However, as a *pro se* litigant, he cannot adequately represent the *Alexander* putative class that he seeks to join and represent as required by Rule 23(a). In the event a class is established in *Alexander*, Gayles may be part of that class, if allowed by the court, but the court will not permit him to be a class representative in that action because he is proceeding *pro se*.

A plaintiff must prove each of the four elements of Rule 23(a) to bring a putative class action, one of which is the requirement that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Adequacy of class representation "encompasses class representatives, *their counsel*, and the relationship between the two." *Stirman v. Exxon Corp.,* 280 F.3d 554, 563 (5th Cir. 2002) (emphasis added and quotation omitted). As sufficient class *counsel* is required to adequately

represent a class, a *pro se* inmate "is inadequate to represent his fellow inmates in a class action." *See, e.g.*, *Adams v. Epps*, 2009 WL 909523, at *1 (S.D. Miss. Apr. 1, 2009) (citations omitted); *Lindsey v. Aycox*, 2015 WL 13650950, at *1 (S.D. Miss. Jan. 7, 2015) ("*pro se* litigants, such as Plaintiffs, cannot adequately represent the interests of a putative class or appear as class representatives.") "Class counsel are fiduciaries of the class and the court must be satisfied that they are prosecuting the case in the interest of the class." *Docker v. Fischer*, 253 F. Supp. 3d 832, 850 (S.D. Miss. 2015); *see also McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 162 (5th Cir. 1995) (affirming denial of inmate's request to bring class action because "his ability to serve as an adequate representative of the class is dubious.") As such, to the extent that Gayles has attempted to join the putative class action in *Alexander* as class representative, his motion [9] will be dismissed under Rule 23(a) because, as a *pro se* litigant, he cannot adequately represent the putative class.

**Failure to State a Claim Upon Which Relief Could Be Granted**

The complaint Gayles attached as Exhibit A to his motion is one of four inoperative complaints previously filed in *Alexander* that does not contain his name as a plaintiff. *See* Doc. 9 at Ex. A; *see also Alexander*, No. 4:20-CV-21-SA-JMV, Doc. 1, 75. As such, the complaint attached to his motion does not set forth any individualized claims for relief against the defendants as the court required in the scheduling order. *See* Doc. 9 at Ex. A. Neither does it establish the elements of standing or state a claim against the defendants upon which relief could be granted. *Id*. As Gayles did not comply with the court's order – and thus has not filed an individualized complaint – this case will be dismissed with prejudice under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief could be granted.

## Conclusion

For the reasons set forth above, the plaintiff's motion [9] for leave to amend will be denied; the defendants' motion [12] to dismiss will be granted, and the case will be dismissed with prejudice for failure to state a claim upon which relief could be granted, and, in the alternative, without prejudice

for failure to comply with an order of the court and because the *pro se* plaintiff cannot adequately represent a putative class in a class action suit.[3] A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 29th day of March, 2023.

/s/ Sharion Aycock
U. S. DISTRICT JUDGE

[3] A court may dismiss a case with prejudice based upon on one ground and, in the alternative, without prejudice base upon another. *Gonzalez v. Prasifka*, 54 F. App'x 406 (5th Cir. 2002) (dismissing case on statute of limitations grounds and, in the alternative, for failure to exhaust administrative remedies).